
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

CASE NO. 00-6295-CR-DIMITROULEAS

Plaintiff,

vs.

IVORY KNIGHTS,

Defendant.

_____/



## ORDER DENYING MOTION TO SUPPRESS AND REQUEST FOR HEARING

THIS CAUSE having been heard upon Defendant's March 5, 2001 Motion To Suppress Search Warrant and Request for Hearing[1], and the Court having reviewed the Court file, finds as follows:

1. The Defendant is charged with Possession with Intent to Distribute in excess of five (5) grams of crack cocaine on July 28, 2000.

2. In this motion to suppress, Defendant alleges that the Fort Lauderdale Police Department indicated in an affidavit for a search warrant that they had received information that occupants inside 2901 N.W. 18th Street, #18 in Ft. Lauderdale were selling cannabis. A controlled buy occurred between July 19th and 26th, 2000. Detective Rohloff was able to hear conversations during the controlled buy through the use of a listening device placed on the informant. Cannabis was retrieved from the apartment and given to the informant; the occupant stated that they were "open all the time".

---

[1] No memorandum of law as required by the Local Rules S.D. Fla., Rules 7.1A(1) and 88.9(A) was filed with this motion.



3. On July 28, 2000, Defendant was at 2901 N.W. 8th Street and sold cannabis to an undercover police officer. The search warrant was then executed at that location.

4. During the execution of the warrant, the Defendant was detained outside the apartment. Crack cocaine was found both in an orange colored M and M container, located on the living room coffee table, and also inside a bedroom dresser. Cannabis was located on top of the dresser. Papers and baggies were also recovered. Currency was found in the Defendant's pants-pocket.

5. Defendant first complains that crack cocaine was improperly seized because the warrant only authorized the seizure of cannabis. Here, there is no indication that this search became an impermissible general search. U.S. v. Squillacate, 221 F. 3d 542, 556 (4th Cir. 2000). Cannabis was seized. Police can be reasonably expected to look for cannabis in M and M containers and dresser drawers. U.S. v. Garces, 133 F. 3d 70, 74 (D.C. Cir. 1998). Had the search warrant authorized the seizure of stolen televisions, then the officers would not be justified in searching in small containers. Here, the police were justified in searching the two locations, and they could seize contraband that was found in plain view. U.S. v. Blair, 214 F. 3d 690, 698 (6th Cir. 2000). In searching for cannabis, police officers can not be expected to ignore other controlled substances that they find.

6. Second, Defendant complains that the warrant was not based upon probable cause. However, the warrant, when read in its totality, alleges that the controlled buy occurred no earlier than July 19th, nine days before the service of the warrant. Moreover, the affidavit indicated that the drug sales were ongoing. Probable cause was established. U.S. v. Formaro, 152 F. 3d 768, 770-71 (8th Cir. 1998); Sotolongo v. State, 530 So. 2d 514 (Fla. 2d DCA 1988). The information was not stale. U.S. v. Bervaldi, 226 So. 2d 1256 (11th Cir. 2000).

7. Third, Defendant complains that the police failed to read him the warrant. However, no prejudice is alleged because of this perceived defect. U.S. v. Lipford, 203 F. 3d 259, 269-70 (4th Cir. 2000).

8. There are insufficient facts alleged to justify an evidentiary hearing on this motion. U.S. v. Howell, 231 F. 3d 615 (9th Cir. 2000); U.S. v. Coleman, 149 F. 3d 674 (7th Cir. 1998).

9. The case is set for trial on March 12, 2001 with a calendar call on March 9, 2001. Defendant's assertion that other grounds are to be argued ore tennis is in effect asking the Court to authorize additional grounds for a Motion to Suppress to be raised at the last minute, with no notice to the Government. Such a procedure is discouraged in this Court.

Wherefore, Defendant's Motion to Suppress and Request For Hearing are DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of March, 2001.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Bruce Brown, AUSA

Laura A. Chukwuma, Esquire
200 S.E. 6th Street, Suite 305
Ft. Lauderdale, FL 33301